J-S01009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JERICHO SCOTT LINKCHORST, | : | |
| | : | |
| Appellant | : | No. 1017 MDA 2017 |

Appeal from the Judgment of Sentence May 22, 2017
in the Court of Common Pleas of Northumberland County,
Criminal Division at No(s): CP-49-CR-0000347-2016

BEFORE: GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED MARCH 15, 2018**

Jericho Scott Linkchorst ("Linkchorst") appeals from the judgment of sentence imposed following his negotiated *nolo contendere* pleas to two counts of simple assault, and one count each of aggravated assault, recklessly endangering another person, criminal mischief, disorderly conduct, and possession of drug paraphernalia.[1] Additionally, John Broda, Esquire ("Attorney Broda"), Linkchorst's counsel, has filed a Petition to Withdraw as Counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738, 744 (1967). We grant Attorney Broda's Petition to Withdraw and affirm Linkchorst's judgment of sentence.

---

[1] **See** 18 Pa.C.S.A. §§ 2701(a)(1), (a)(3); 2702(a)(6); 2705; 3304(a)(1); 5503(a)(1); 35 P.S. § 780-113(a)(32).

In February 2016, the police arrested Linkchorst following an incident wherein he physically assaulted and injured another man, and charged Linkchorst with the above-described offenses (among others).

On the first day of jury selection (hereinafter "the plea hearing"), Linkchorst and the Commonwealth entered into a negotiated plea bargain in chambers. Linkchorst agreed to plead *nolo contendere* to aggravated assault, and to be sentenced on that felony charge, with the sentences imposed on his *nolo contendere* pleas to the above-listed remaining misdemeanors (hereinafter "the remaining charges") to run concurrently to his sentence for aggravated assault. *See* N.T., 4/10/17, at 4-5, 10-11. The Commonwealth informed the trial court at the plea hearing that it had no objection to a sentence at the bottom of the standard guidelines range for the aggravated assault charge. *Id.* at 4-5; *see also id.* at 8 (wherein the trial court observed that the applicable standard guidelines range for the aggravated assault charge was 27 to 40 months in prison). The trial court then conducted a thorough oral plea colloquy, reviewed Linkchorst's written plea colloquy, and found that Linkchorst had entered his pleas knowingly, intelligently and voluntarily. *Id.* at 9-15. The trial court deferred sentencing for the preparation of a pre-sentence investigation report. *Id.* at 8.

On May 22, 2017, the trial court sentenced Linkchorst to a term of 33 to 72 months in prison on the aggravated assault conviction, and ordered the sentences imposed on the remaining charges to run concurrently to the sentence for aggravated assault. The trial court also imposed fines and

approximately $1,150 in restitution. Notably, Linkchorst did not file post-sentence motions, nor did he seek to withdraw his pleas at any time.

Linkchorst filed a timely Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal. The trial court thereafter issued a Statement in Lieu of Opinion, determining that the issues Linkchorst raised in his Concise Statement did not entitle him to relief. Later, Attorney Broda filed with this Court a Petition to Withdraw as Counsel and an accompanying **Anders** Brief.

In the **Anders** Brief, Attorney Broda presents the following issues for our review:

1. [Whether Linkchorst] was forced to plea because he would not have received a fair trial in Northumberland County[?]

2. [Whether t]he plea offer regarding sentencing was not followed when sentencing occurred[?]

**Anders** Brief at 4 (capitalization omitted). Linkchorst neither filed a *pro se* brief, nor retained alternate counsel for this appeal.[2]

As a preliminary matter, we must determine whether Attorney Broda has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation. **See Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009) (stating that "[w]hen presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). Pursuant to **Anders**,

_____

[2] The Commonwealth declined to file a brief on appeal.

- 3 -

when an attorney believes that an appeal is frivolous and wishes to withdraw as counsel, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record[,] counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

***Commonwealth v. Burwell***, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has stated that a proper ***Anders*** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

In the instant case, our review of the ***Anders*** Brief and the Petition to Withdraw reveals that Attorney Broda has complied with each of the requirements of ***Anders***/***Santiago***. The record further reflects that counsel has (1) provided Linkchorst with a copy of both the ***Anders*** Brief and Petition to withdraw, (2) sent a letter to Linkchorst advising him of his right to retain new counsel, proceed *pro se* or raise any additional points that he deems worthy of this Court's attention, and (3) attached a copy of this letter

- 4 -

to the Petition to Withdraw, as required under ***Commonwealth v. Millisock***, 873 A.2d 748, 751-52 (Pa. Super. 2005). Accordingly, we must next examine the record and make an independent determination of whether Linkchorst's appeal is, in fact, wholly frivolous.

In his first issue, Linkchorst argues that his *nolo contendere* pleas are invalid, as he was "forced" to enter such pleas "because he would not receive a fair trial in Northumberland County." ***Anders*** Brief at 7.

Initially, we could deem this claim waived, as the record supports the trial court's finding that "said issue was not raised in the record or in a post[-]sentence motion." Trial Court Statement in Lieu of Opinion, 10/5/17, at 1 (unnumbered). "Issues not raised in the [trial] court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); ***see also Commonwealth v. Miller***, 80 A.3d 806, 811 (Pa. Super. 2013) (stating that "[b]y requiring that an issue be considered waived if raised for the first time on appeal, our [appellate C]ourts ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue.") (citation omitted).[3] Moreover, "a request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal."

---

[3] Furthermore, the fact that Linkchorst raised this issue in his Rule 1925(b) Concise Statement does not preserve it on appeal. ***See Commonwealth v. Melendez-Rodriguez***, 856 A.2d 1278, 1288 (Pa. Super. 2004) (holding that "[a] party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order.") (citation omitted).

*Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa. Super. 2008). Nevertheless, however, Linkchorst's claim fails on its merits.

"Our law is clear that to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered." *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008); *see also Commonwealth v. Boatwright*, 590 A.2d 15, 19 (Pa. Super. 1991) (stating that "[i]n terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea."). This Court has established six topics that must be covered by a valid plea colloquy: "1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." *Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa. Super. 2005); *see also* Pa.R.Crim.P. 590, cmt.

Here, our review discloses that Linkchorst completed extensive *nolo contendere* plea colloquies, both written and oral, covering all necessary topics for a valid plea colloquy. *See* Written Plea Colloquy, 4/12/17, at 1-4; N.T., 4/10/17, at 9-15; *see also Morrison*, 878 A.2d at 107. Moreover, Linkchorst stated that he entered into the plea agreement knowingly and voluntarily, and the trial court confirmed same at the conclusion of the oral plea colloquy. *See* Written Plea Colloquy, 4/12/17, at 4; *see also* N.T., 4/10/17, at 15.

Based on Linkchorst's statements in the written and oral colloquies, and his understanding and voluntariness of the plea agreement, his bald

- 6 -

challenge alleging that he was "forced" to enter his pleas is patently frivolous.

In his second issue, Linkchorst argues that his pleas are invalid because the trial court breached the plea agreement when imposing Linkchorst's minimum sentence. **See** Brief for Appellant at 9-10. Specifically, Linkchorst contends that "the plea offer was not followed in that he received a minimum sentence of 33 months for the charge[] of aggravated assault[,] instead of [a] 27[-]month[] minimum sentence[,] which is the bottom of the standard range for that offense with his prior record score." **Id.** at 10.

Preliminarily, we note that we could also find this issue to be waived for Linkchorst's failure to raise it before the trial court. **See** Pa.R.A.P. 302(a) **supra**; **Miller**, **supra**. Nevertheless, we will briefly address its merits.

> In determining whether a particular plea agreement has been breached, we look to what the parties to this plea agreement reasonably understood to be the terms of the agreement. Such a determination is made based on the totality of the surrounding circumstances, and any ambiguities in the terms of the plea agreement will be construed against the Commonwealth.

**Commonwealth v. Hainesworth**, 82 A.3d 444, 447 (Pa. Super. 2013) (*en banc*) (citations, brackets and quotation marks omitted).

At the beginning of the plea hearing, the prosecutor, in fact, mentioned a minimum sentence of 27 months on the aggravated assault charge under the plea deal. N.T., 4/10/17, at 5. However, Linkchorst

thereafter stated on the record that he agreed with the trial court's following description of the sentence to be imposed under the plea agreement:

> [THE COURT:]  The plea agreement calls for all of the sentences to run concurrent with each other, but you would be sentenced in the standard range[, *i.e.*, on the aggravated assault charge]. Which for you, we discussed earlier, your prior record score of a repeat felon, an RFEL so [*sic*] the standard range would be a minimum sentence of **anywhere from 27 to 40 months**.  Is that your understanding?
>
> [Linkchorst]:  Yes.
>
> THE COURT:  That's what you are agreeing to?
>
> [Linkchorst]:  Yes.

*Id.* at 10-11 (emphasis added).   Accordingly,   contrary   to   Linkchorst's assertion, the trial court did not breach the plea agreement when it imposed a  minimum  sentence  of  33  months  in  prison  on  the  aggravated  assault charge.  ***See Hainesworth***, ***supra***.   Linkchorst's second issue is wholly frivolous.

Finally, our independent review discloses no other non-frivolous issues that  Linkchorst  could  raise  on  appeal.    Accordingly,  we  grant  Attorney Broda's Petition to Withdraw, and affirm Linkchorst's judgment of sentence.

Petition to Withdraw granted; judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2018

- 8 -